AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Northern District of West Virginia

FILED
JAN 16 2018
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

| | |
|---|---|
| BRUCE DILLARD | ) |
| *Petitioner* | ) |
| v. | ) Case No. 3:18 cv 9 |
| WARDEN, FCI Gilmer | ) *(Supplied by Clerk of Court)* |
| | ) Groh |
| | ) Trumble |
| *Respondent* | ) Sims |
| *(name of warden or authorized person having custody of petitioner)* | |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1. (a) Your full name: Bruce Dillard
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: FCI Gilmer
   (b) Address: P.O. Box 6000
      Glenville, WV 26351
   (c) Your identification number: Reg. No. 37251-060
3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: Northern District of Ohio (Cleveland)
      (b) Docket number of criminal case: 1:99-cr-00249-DAP-1
      (c) Date of sentencing: 04/25/2001
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)
   ☐ Pretrial detention
   ☐ Immigration detention
   ☐ Detainer
   ☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
   ☐ Disciplinary proceedings
   ☑ Other *(explain)*:
   Sentencing Ennhancement

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Northern District of Ohio (Cleveland)

   (b) Docket number, case number, or opinion number:    1:99-cr-00249-DAP-1
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   § 851 Enhancement and Count 4s Sentence

   (d) Date of the decision or action:    04/30/2001

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes         ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court:   United States Court of Appeals for the Sixth Circuit

       (2) Date of filing:   07/03/2001
       (3) Docket number, case number, or opinion number:    No. 01-3743
       (4) Result:    Affirmed
       (5) Date of result:    10/20/2003
       (6) Issues raised:

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:   N/A

8. **Second appeal**
After the first appeal, did you file a second appeal to a higher authority, agency, or court?
☑ Yes          ☐ No
(a) If "Yes," provide:
   (1) Name of the authority, agency, or court:   United States Supreme Court
   (2) Date of filing:   03/02/2004
   (3) Docket number, case number, or opinion number:   No. 03-1236
   (4) Result:   Denied
   (5) Date of result:   04/05/2004
   (6) Issues raised:   N/A

(b) If you answered "No," explain why you did not file a second appeal:   N/A

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes          ☑ No
(a) If "Yes," provide:
   (1) Name of the authority, agency, or court:   N/A
   (2) Date of filing:
   (3) Docket number, case number, or opinion number:   N/A
   (4) Result:   N/A
   (5) Date of result:
   (6) Issues raised:   N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not file a third appeal:  N/A

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes    ☐ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☑ Yes    ☐ No

If "Yes," provide:

(1) Name of court: Northern District of Ohio (Cleveland)
(2) Case number: 1:2005-cv-00855
(3) Date of filing: 03/31/2005
(4) Result: Dismissed
(5) Date of result: 03/01/2007
(6) Issues raised:

(1) evidence obtained from his arrest should have been suppressed; (2) trial counsel was ineffective for failing to investigate or present eyewitness accounts of the events leading up to his arrest; (3) the prosecution withheld exculpatory evidence; (4) he was selectively prosecuted in violation of the Fourteenth Amendment; (5) trial counsel was ineffective for failing to properly develop a motion to dismiss based on the issue of selective prosecution, to pursue the exculpatory evidence withheld by the prosecution, to . . . See Memorandum of Law in Support.

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☑ Yes    ☐ No

If "Yes," provide:

(1) Name of court: United States Court of Appeals for the Sixth Circuit
(2) Case number: No. 17-3054
(3) Date of filing: 01/19/2017
(4) Result: Denied
(5) Date of result: 08/09/2017
(6) Issues raised: Dillard argued that his life-without-parole sentence was unconstitutional.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:
Section 2255 is inadequate or ineffective because of: (1) the existence of new interpretation of statutory law in Descamps and Mathis, (2) which was issued after Dillard had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) that is retroactive, and (4) applies to the petition's merits such that it is more likely than not that no reasonable trier of fact would have enhanced his sentence.

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes   ☒ No
If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes   ☒ No
If "Yes," provide:
(1) Date of filing:
(2) Case number: N/A
(3) Result: N/A
(4) Date of result:
(5) Issues raised: N/A

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes   ☒ No
If "Yes," provide:
(1) Name of court: N/A
(2) Date of filing:
(3) Case number: N/A

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: N/A
    (5) Date of result:
    (6) Issues raised: N/A

12. **Other appeals**

    Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

    ☑ Yes      ☐ No

    If "Yes," provide:

    (a) Kind of petition, motion, or application: Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582
    (b) Name of the authority, agency, or court: Northern District of Ohio (Cleveland)

    (c) Date of filing: 08/30/2010
    (d) Docket number, case number, or opinion number: 1:99-cr-00249-DAP-1 Doc. 226
    (e) Result: Denied
    (f) Date of result: 09/23/2010
    (g) Issues raised: Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2)

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **GROUND ONE:** In light of Descamps v. United States, 133 S.Ct. 2276 (2013) and Mathis v. United States, 136 S.Ct. 2243 (2016), Dillard's prior conviction enhancement under 21 U.S.C. § 851 is null and void.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See Memorandum of Law in Support

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND TWO:** In light of the 2013 Holder Memoranda and 2010 Fair Sentencing Act, Dillard would receive a lower sentence today.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See Memorandum of Law in Support

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:** In light of Dean v. United States, (No. 15-9260) (S.Ct. April 3, 2017), Count 4s of the Superseding Indictment must be dismissed because it violates due process; and Dillard must be resentenced without the 7-year Count 4s sentence.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See Memorandum of Law in Support

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
N/A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes        ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: N/A

## Request for Relief

15. State exactly what you want the court to do: For the above and foregoing reasons, Dillard's sentence should be vacated for resentencing without the 7-year Count 4s sentence and § 851 enhancement. In the alternative, it is respectfully requested that the Court hold an evidentiary hearing so that Dillard may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

JANUARY 11, 2018

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1/11/2018

*Signature of Petitioner*

N/A

*Signature of Attorney or other authorized person, if any*